Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

| | |
|---|---|
| GREGORY W. KUGLE | 6502-0 |
| gwk@hawaiilawyer.com | |
| MARK M. MURAKAMI | 7342-0 |

mmm@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile: (808) 533-2242

Attorneys for Plaintiff
    Hawaii Stevedores, Inc.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2009

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII STEVEDORES, INC., | ) CIVIL NO. 09 00250 DAE BMK |
| | ) (In Admiralty) |
| Plaintiff, | ) |
| | ) **PLAINTIFF HAWAII STEVEDORES,** |
| | ) **INC.'S** ~~PROPOSED~~ **FINDINGS AND** |
| vs. | ) **RECOMMENDATIONS FOR** |
| | ) **DEFAULT JUDGMENT;** |
| | ) **CERTIFICATE OF SERVICE** |
| ISLAND CEMENT, LLC; and | ) |
| DOE DEFENDANTS 1-10, | ) Hearing on Motion for Default Judgment, |
| | ) September 25, 2009, at 3:00 p.m., before |
| Defendants | ) the Honorable Magistrate Judge Barry M. |
| | ) Kurren |
| _____ | ) |

## PLAINTIFF HAWAII STEVEDORES, INC.'S PROPOSED FINDINGS AND RECOMMENDATIONS FOR DEFAULT JUDGMENT

Plaintiff HAWAII STEVEDORES, INC.'s ("Plaintiff") Motion for Default Judgment ("Motion") was heard on September 25, 2009, at 3:00 p.m., before the Honorable Barry M. Kurren, Magistrate Judge of the above-entitled Court. Having entered an Order of Default against Defendant ISLAND CEMENT, LLC,("Defendant") on July 29, 2009, and with Mark M. Murakami, Esq., appearing for Plaintiff, but no appearance made by Defendant, and upon review of the record and files herein, including said Motion, the Declaration of Jeff Brennan, and the Affidavit of Gregory W. Kugle, in support thereof,

IT IS FOUND AND RECOMMENDED that Plaintiff HAWAII STEVEDORES, INC., shall have judgment against Defendant ISLAND CEMENT, LLC, for the following reasons:

1. Plaintiff filed its Complaint in this matter on June 4, 2009 ("Complaint"), alleging, among other things, that

    a. This is a matter of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and within the meaning of Fed. R. Civ. P. 9(h). Complaint at ¶ 1. Further, venue is proper in the District of Hawaii because both parties are Hawaii corporations doing business in the State of Hawaii, and because the situs of performance of the contract was in the District. *Id.* at ¶¶ 2-6.

      b.    At Defendant's request, Plaintiff provided stevedoring services at Hilo Harbor for the unloading of Defendant's cargo from the Motor Vessel (M/V) Maha Avanti from March 28, 2008 through April 2, 2008. *See* Declaration of Jeff Brennan (Aug. 13, 2009) ("Brennan Declaration"), at ¶¶ 2-8 (citing Invoice No. 320001398, dated April 10, 2008 ("Invoice"), attached as Exhibit "1" to the Motion).

      c.    Plaintiff provided two hundred thirty-nine (239) man hours of "straight" stevedoring services for Defendant, at a rate of one hundred fourteen dollars and forty-three cents ($114.43) per hour, for a total charge in the amount of twenty-seven thousand three hundred forty-eight dollars and seventy-seven cents ($27,348.77). *Id.* at ¶¶ 13-14, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice). Plaintiff also provided one thousand five hundred and nine (1,509) man hours of "overtime" stevedoring services, at a rate of one hundred thirty-nine dollars and thirty-eight cents ($139.38) per hour, for a total charge in the amount of two hundred ten thousand three hundred twenty-four dollars and forty-two cents ($210,324.42). Complaint, at ¶¶ 15-16, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

      d.    Plaintiff provided twenty-nine (29) man hours of "straight" clerk services, at a rate of $114.43 per hour, for a total charge in the amount of three thousand three hundred eighteen dollars and forty-seven cents ($3,318.47), and ninety-six (96) man hours of "overtime" clerk services, at a rate of $139.38 per

hour, for a total charge in the amount of thirteen thousand three hundred eighty dollars and forty-eight cents ($13,380.48). Complaint, at ¶¶ 17-20, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

      e.      Plaintiff also incurred sixteen (16) hours in compensable travel time for stevedoring services performed for Defendant by Plaintiff's employees, at a rate of forty-seven dollars and twenty-four cents ($47.24) per hour, for a total charge in the amount of seven hundred fifty-five dollars and eighty-four cents ($755.84). Complaint, at ¶¶ 21-22, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

      f.      Plaintiff incurred travel expenses for stevedoring services \ performed for Defendant in the amount of twenty-seven thousand eight hundred twenty-nine dollars and twenty-nine cents ($27,829.29). Complaint, at ¶¶ 23, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

      g.      Additionally, Plaintiff incurred equipment rental expenses totaling three thousand one hundred and four dollars and eighteen cents ($3,104.18) for stevedoring services performed for Defendant. Complaint, at ¶¶ 24, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

      h.      Further, Plaintiff provided nine (9) man hours of "penalty straight time," at a rate of forty-nine dollars and ninety-three cents ($49.93) per hour, six (6) man hours of "penalty overtime," at a rate of seventy-four dollars and eighty-eight cents ($74.88) per hour, and sixteen and three tenths (16.3) man hours

of "penalty penalty overtime," at a rate of ninety-three dollars and sixty cents ($93.60) per hour, for a total charge of penalty time in the amount of two thousand four hundred twenty-four dollars and thirty-three cents ($2,424.33). Complaint, at ¶¶ 25-30, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

   i. All of the rates applicable to Plaintiff's stevedoring services for Defendant were established before the M/V Maha Avanti discharge and disclosed to shipping agents who coordinate services for vessels. Complaint, at ¶¶ 31-32, 33. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

   j. When Plaintiff performed similar stevedoring services for Defendant in 2007, Defendant paid by invoice and no written contracts were prepared. Complaint, at ¶ 9-11. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice). Therefore, after completing the aforementioned stevedoring services for Defendant, Plaintiff sent Defendant the Invoice for two hundred eighty-eight thousand four hundred eighty-five dollars and seventy-eight cents ($288,485.78). Complaint, at ¶¶ 33, 35. *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

   k. The Invoice provides for interest at a rate of one and five tenths percent (1.5%) per month, or eighteen percent (18%) per annum. Complaint, at ¶¶ 33-34. *See also* Brennan Declaration, at ¶¶ 2, 5 (citing Invoice); Motion, at 3.

   l. Although Defendant received the Invoice, no payment had made to Plaintiff. Complaint, at ¶¶ 36-37. *See also* Brennan Declaration, at ¶ 6.

  m. Accordingly, based on Defendant's failure to provide payment pursuant to the Invoice, Plaintiff asserted claims for breach of contract, promissory estoppel and unjust enrichment, among other things, and requested a principal amount of $288,485.78, as well as fifty-two thousand two hundred eleven dollars and ninety-seven cents ($52, 211.97) in interest, as of May 15, 2009, for a total in the amount of thee hundred forty thousand six hundred ninety seven dollars and seventy-five cents ($340,697.75). Complaint, at ¶¶ 38-64. Plaintiff stated interest will accrue at a rate of one hundred forty-two dollars and twenty-seven cents ($142.27) per day after May 15, 2009. Complaint, at ¶¶ 38. Plaintiff also requested attorneys' fees, costs and expenses. Complaint, at ¶¶ 64.

  2. Plaintiff attempted to serve Mr. Charles Harlan, Defendant's registered agent, except that an individual claiming to be Mr. Harlan's son informed the sheriff, who was hired by Plaintiff to effect service of process, that Mr. Harland would be in Thailand for an extended period of time. *See* Affidavit of Service (Jul. 10, 2009) ("Murakami Affidavit"), attached as Exhibit "2" to the Motion. *See also* Motion, at 2-3. Therefore, Plaintiff served Defendant by certified mail in full compliance with Fed. R. Civ. P. 4 and Haw. Rev. Stat. § 428-110 (supp. 2008). *See* Murakami Affidavit. *See also* Motion, at 3.

  3. No answer or other responsive pleading was filed by Defendant. *Id.*

4.      On July 29, 2009, the Clerk entered default against Defendant under Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend as required by law.  *See* Request to Clerk to Enter Default as to Defendant Island Cement, LLC (Jul. 29, 2009) ("Request for Entry of Default").  *See also* Motion, at 3.  Defendant was served with a copy of the July 29, 2009, Entry of Default by certified mail pursuant to Fed. R. Civ. P. 4.  *See* Request for Entry of Default.

5.      Then, on August 17, 2009, Plaintiff filed the instant Motion requesting default judgment under Fed. R. Civ. P. 55 in the amount of three hundred sixty-six thousand one hundred sixty dollars and nine cents ($366,160.09).  *See* Motion, at 14.  Again, Defendant was served with a copy of the Motion by certified mail pursuant to Fed. R. Civ. P. 4.  *See* Certificate of Service (Aug. 17, 2009), filed with the Motion.

a.      More specifically, the total amount requested, or $366,160.09, included three hundred fifty-two thousand six hundred forty-eight dollars and forty-three cents ($352,648.43), or the amount remaining unpaid plus interest, as contract damages under the Invoice.  Motion, at 3-4.  *See also* Brennan Declaration, at ¶¶ 2-8 (citing Invoice).

  b. The total amount requested, or $366,160.09, also included four hundred sixty dollars and ninety-three cents ($460.93) in court costs and expenses, which were reasonable and necessary in obtaining judgment for the Plaintiff, as follows:

| | |
|---|---|
| Photocopying at 0.15 per page | $ 23.85 |
| Outside Copier Service | $ 1.25 |
| Extra Postage | $ 17.83 |
| Sheriff's Fee | $ 50.00 |
| <u>Court Filing Fees</u> | <u>$368.00</u> |
| **Total Reimbursable Costs** | **$460.93** |

Affidavit of Gregory W. Kugle (Aug. 17, 2009), at ¶¶ 4, 6 (citing Exhibit "3"). *See also* Fed. R. Civ. P. 54(d) (2009).

  c. Further, because Plaintiff's lawsuit is "in the nature of assumpsit" under Haw. Rev. Stat. § 607-14 (supp. 2008), the total amount requested, or $366,160.09, included twelve thousand five hundred twenty-nine dollars and fifty cents in attorneys' fees ($12,529.50) and five hundred twenty-one dollars and twenty-three cents ($521.23) as General Excise Tax ("GET") for the attorneys' fees. *Id.* at ¶¶ 5-18 (citing Exhibits "3" and "4"). Plaintiff accumulated fees by directors Gregory W. Kugle, Esq., at two hundred ninety dollars ($290.00) per hour, and Mark M. Murakami, Esq., at two hundred thirty dollars ($230.00) per hour, associate Christi-Anne H. Kudo Chock, Esq., at one hundred sixty dollars ($160.00) per hour, and paralegals Bonnie Sin and Diana Young at one hundred thirty dollars ($130.00) per hour. Kugle Affidavit, at ¶¶ 5-18. *See also* Exhibit "3"

to the Motion (Plaintiff's Damon Key *et al.* invoices); Exhibit "4" to the Motion (Cynthia Gibson, *Book of Lists: Hawaii's Ultimate Business Research Toolbox (Law Firms)*, Pacific Business News, Dec. 26, 2008).

   d. Because Hawaii's assumpsit statute does not conflict with general maritime law, Haw. Rev. Stat. § 607-14 applies here under the "maritime but local" doctrine. *See Airgo, Inc. v. Horizon Cargo Transp., Inc.*, 66 Haw. 590, 670 P.2d 1277 (1983) (Haw. Rev. Stat. § 607-14 is a substantive, not procedural, law.). *See also* 17A James Wm. Moore, *et al.*, Moore's Federal Practice ¶ 124.46 (3d ed. 2009) (state law applies if not in conflict with general maritime law) (citing *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996) (unanimous decision upholding application of local substantive law in a federal admiralty court); *American Dredging Co. v. Miller*, 510 U.S. 443 (1994); *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715 (1980); *Askew v. American Waterways Operators, Inc.*, 411 U.S. 325 (1973)). Because this case involves a contract dispute between two Hawaii businesses about a contract entered in Hawaii, to be performed in Hawaii and breached in Hawaii, there is no conflict regarding federal or international interests to preclude the application of Haw. Rev. Stat. § 607-14 here.

   e. Moreover, the attorneys' fees incurred by Plaintiff were reasonable and necessary in obtaining judgment based on, among other things, prevailing market rates in the community for similar services by lawyers with

comparable skill, experience and reputation. *See* Kugle Affidavit, at ¶¶ 5-18. *See also* Exhibit "4" to the Motion.

  f. As noted above, the Motion came on for hearing on September 25, 2009, at 3:00 p.m., before the Honorable Barry M. Kurren, Magistrate Judge of the above-entitled Court, but Defendants failed to appear and/or file any opposition thereto.

  g. Defendant is liable for the unpaid Invoice in the principal amount of $288,485.78, which remains due and owing to Plaintiff, as evidenced by the Brennan Declaration.

  h. Likewise, as provided for in the Invoice, Defendant is liable to Plaintiff for interest incurred, at a rate of 1.5% per month, or 18% per annum, accumulated from April 14, 2008 to August 10, 2009, in the amount of $64,162.65.

  i. Under Fed. R. Civ. P. 54(d), general maritime law, the "maritime but local" doctrine, and Haw. Rev. Stat. § 607-14, Defendant is liable to Plaintiff for its reasonable attorneys' fees in the amount of $12,529.50 and costs in the amount of $460.93, incurred in collecting principal amount and interest owed by Defendant pursuant to the Invoice, as evidenced by the Brennan Declaration, Kugle Affidavit, and Exhibits in support thereto, which were filed herein on July 29, 2009 and August 17, 2009.

  j. Upon information and belief, Defendant is neither an infant nor an incompetent person. *See* Kugle Affidavit, at ¶ 3.

THEREFORE, IT IS FOUND AND RECOMMENDED that Plaintiff shall have judgment against Defendant as follows:

1. Judgment Creditor – HAWAII STEVEDORES, INC.

2. Judgment Debtor – ISLAND CEMENT, LLC

3. 
| | |
|---|---|
| Principal judgment amount | $288,485.78 |
| Interest | $ 64,162.65 |
| Reimbursable Costs | $     460.93 |
| Attorneys' Fees | $ 12,529.50 |
| GET on Fees | $     521.23 |
| Total Judgment | $366,160.09 |

4. Attorney for judgment creditor - Gregory W. Kugle, Esq., of Damon Key Leong Kupchak Hastert, 1003 Bishop Street, Suite 1600, Honolulu, Hawaii 96813.

DATED: Honolulu, Hawaii, 10-16-2009.

Honorable Magistrate Judge Barry M. Kurren
UNITED STATES MAGISTRATE JUDGE

---

*HAWAII STEVEDORES, INC. v. ISLAND CEMENT, LLC, et al.;* Civil No. 09-00250 DAE BMK; PLAINTIFF HAWAII STEVEDORES, INC.'S PROPOSED FINDINGS AND RECOMMENDATIONS FOR DEFAULT JUDGMENT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII STEVEDORES, INC., | ) CIVIL NO. 09 00250 DAE BMK |
| | ) (In Admiralty) |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| vs. | ) |
| ISLAND CEMENT, LLC; and DOE DEFENDANTS 1-10, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing document was duly served upon each of the following parties via U.S. Mail, postage prepaid, to their last known address as follows:

> Island Cement, LLC
> Attn: Charles Harlan, Registered Agent
> P.O. Box 2059
> Kealakekua, HI 96750

DATED: Honolulu, Hawai`i, October 9, 2009.

DAMON KEY LEONG KUPCHAK HASTERT

_____
GREGORY W. KUGLE
MARK M. MURAKAMI

Attorneys for Plaintiff
HAWAII STEVEDORES, INC.